UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

KENNETH SMITH,

                                        Plaintiff,

    -against-

MALVERNE UNION FREE SCHOOL DISTRICT,
JAMES HUNDERFUND, ROSE LINDA RICCA, and
VINCENT ROMANO

                                     Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
14-CV-5338 (JMA)(GRB)

**FILED**
**CLERK**
10/19/2016 2:07 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is defendants' motion seeking to modify the Court's December 9, 2015 Judgment to include an award of costs. For the following reasons, the motion is granted and costs are awarded as follows.

## I.  BACKGROUND

Plaintiff Kenneth Smith and two co-plaintiffs filed this action on December 7, 2011. See Benedith v. Malverne Union Free School Dist., No. 11-CV-5964 (E.D.N.Y.). In August 2014, The Honorable Arthur D. Spatt issued a decision on defendants' motion for summary judgment. (Mem. of Decision and Order, Benedith, No. 11-CV-5964.) Judge Spatt ordered, inter alia, that the three plaintiffs' claims be severed. As directed, Smith filed this action in September 2014. (Compl., ECF No. 1.)

Smith's case proceeded to jury trial in December 2015, and on December 9, 2015, the jury issued a verdict in favor of defendants on all claims. (Jury Verdict, ECF No. 40.) A final judgment was entered in favor of defendants on December 9, 2015, which provided: "(1) plaintiff Kenneth Smith recover nothing, (2) the action be dismissed on the merits, and (3) that no costs be awarded to either party." (Judgment, ECF No. 41.)

On January 7, 2016, defendants filed a Bill of Costs pursuant to 28 U.S.C. §§ 1920 and 1923, Federal Rule of Civil Procedure 54(d), and Local Civil Rule 54.1. (Bill of Costs, ECF. No 42.) On March 4, 2016, the Clerk of Court disallowed the costs requested because the Court's December 9, 2015 Judgment stated that costs shall not be awarded to either party. On April 8, 2016, defendants filed a motion, pursuant to Federal Rule of Civil Procedure Rule 60, requesting that the Court amend the Judgment to remove the language regarding costs. (Mot., ECF No. 44.) Plaintiff filed his response on July 21, 2016. (Mem. in Opp'n, ECF No. 52.) In their reply, defendants agreed to forgo costs for the trial transcript or copies, but continued to seek costs for four deposition transcripts and docketing fees. (Mem. in Supp., ECF No. 53.)

## II. DISCUSSION

A motion for reconsideration may be granted where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). The decision to grant a motion for reconsideration lies "within the sound discretion of the court." Mangino v. Inc. Vill. of Patchogue, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011). Here, defendants argue that there is a presumption in favor of awarding costs to the prevailing party under Federal Rule of Civil Procedure 54(d). Rule 54(d) provides for the routine award of costs once judgment has been entered: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001), abrogated on other grounds, sub nom. Bruce

v. Samuels, 136 S. Ct. 627 (2016).  Furthermore, the losing party bears the burden of demonstrating that costs should not be awarded.  Id.

Smith raises three objections to the award of costs in this case.  First, he argues that awarding costs in a civil rights action will dissuade future civil rights claimants from bringing suit.  Second, he argues that costs should not be awarded because he filed his suit in good faith.  Third, he claims he does not have the financial resources to pay, should costs be imposed.

Courts in this Circuit have rejected arguments identical to Smith's.  For example, costs are routinely awarded against unsuccessful civil rights claimants.  E.g., Pierre v. City of New York, No. 05-CV-5018, 2008 WL 1700441 (E.D.N.Y. Apr. 9, 2008) (false arrest, malicious prosecution, and malicious abuse of process); Miller v. City of New York, No. 99-CV-4431, 2007 WL 188664 (E.D.N.Y. Jan. 23, 2007) (hostile work environment); Perry v. Metro. Suburban Bus Auth., 236 F.R.D. 110 (E.D.N.Y. 2006) (racial discrimination in employment).  Because Congress has not excluded civil rights cases from the reach of Rule 54(d), it is "not too much to ask any litigant, whether in a civil rights case or otherwise, to appreciate his possible exposure for a relatively small amount of costs in making the decision whether to commence litigation in a federal court."  Wray v. City of New York, No. 01-CV-4837, 2007 WL 2908066, at *1 (E.D.N.Y. Oct. 4, 2007).

It is also well-established that pursuing a lawsuit in good faith does not immunize a losing party from a costs award.  Whitfield, 241 F.3d at 272–73 ("[G]ood faith and the absence of frivolous claims, by themselves, do not require a district court to deny costs . . . ."); Maldonado v. Parasole, 66 F.R.D. 388, 390 (E.D.N.Y. 1975) ("An approach requiring a showing of frivolity as a basis for assessing costs would contravene the express provision of Rule 54(d) which contemplates the awarding of costs to the prevailing party 'as of course'.").

With regard to financial hardship, the Court observes that "indigency per se does not automatically preclude an award of costs." Whitfield, 241 F.3d at 270. Courts regularly award costs against losing parties who claim those costs will be a financial burden, and have even awarded costs against parties proceeding in forma pauperis. Perry, 236 F.R.D. at 113 (collecting cases). In light of Smith's salaried employment, and in the absence of any documentation demonstrating the degree of his claimed financial hardship, the Court is not persuaded that it should depart from the general rule of awarding costs to the prevailing party in this case.

In Besson v. Malverne Union Free School District, No. 14-CV-5337, a case brought by one of Smith's co-plaintiffs, the Clerk of Court awarded defendants costs associated with the same four deposition transcripts at issue here. The Court finds the same result is appropriate here and awards defendants costs for those four deposition transcripts. The Court finds that plaintiffs Kenneth Smith and Sherwyn Besson should be jointly and severally liable for those costs, totaling $6,495.80.[1] Smith, alone, is liable for docketing fees associated with the instant action.

Finally, the Court will exercise its discretion under Federal Rule of Civil Procedure 69(a) and New York Civil Practice Law and Rule 5240 and give the parties an opportunity to jointly propose a payment plan that accounts for Smith's financial situation. Entry of this Order will be stayed for thirty days. The parties shall submit a proposed plan by November 1, 2016. In the event the parties are unable to agree upon a plan, the Court will impose one. See Wray, 2007 WL 2908066, at *2.

### III. CONCLUSION

Defendants' motion to amend the December 9, 2015 Judgment is GRANTED. The December 9, 2015 Judgment is modified to eliminate the phrase "no costs be awarded to either

---

[1] The Court will sua sponte amend the Judgment in Besson, No. 14-CV-5337, to state that plaintiffs Smith and Besson are jointly and severally liable for costs associated with the same four deposition transcripts.

4

party." The following costs are awarded to defendants: Smith is jointly and severally liable for costs associated with the four deposition transcripts, totaling $6,495.80. Smith is independently liable for docketing fees, totaling $37.50. Execution on this Order is stayed for thirty days.

**SO ORDERED.**

Dated: October 19, 2016
Central Islip, New York

                                              /s/     (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE